UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CYNTHIA SIMON,

        Plaintiff,

  -against-                **MEMORANDUM AND ORDER**
                                    1:16-cv-04088(FB)

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff*
HOWARD OLINSKY
Olinsky Law Group
300 South State St. Suite 420
Syracuse NY, 13202

*For the Defendant*
BRIDGET M. ROHDE

JOSEPH A. MARUTOLLO

U.S. Attorney's Office, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Cynthia Simon ("Simon") seeks review of the final decision of the Commissioner

of Social Security ("Commissioner") denying her application for disability benefits

under the Social Security Act. Both Simon and the Commissioner move for judgment

on the pleadings. For the reasons stated below, the Court grants Plaintiff's motion and

remands for further proceedings consistent with this decision. The Commissioner's motion is denied.

# I

Simon worked as a receptionist until August 24, 2012, when she allegedly became unable to work because of torn ligaments in her foot which cause frequent pain and difficulties in walking and sitting. Simon also suffered from severe back and hip impairments and obesity. On September 5, 2012, Simon filed for disability benefits, and on September 13, 2012, she filed for SSI. Her applications were denied, and she sought a hearing before an Administrative Law Judge ("ALJ").

On March 30, 2015, the ALJ ruled that Simon was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ determined that (1) Simon had not engaged in any substantial gainful activity since August 24, 2012, the amended onset date; (2) Simon's spinal disc disease, osteoarthritis of the hips, Achilles tendon tear and obesity were severe impairments; and (3) Simon's impairments did not meet the

---

[1] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

severity of one of the listed impairments so as to trigger her automatic classification as disabled.

The ALJ determined that Simon had the Residual Functional Capacity ("RFC") to perform a "full range of sedentary work." Applying this RFC determination to the remaining steps, the ALJ determined that (4) Simon was able to perform past relevant work as a receptionist and that (5) Simon could perform sedentary work, which does not require the performance of activities beyond Simon's RFC. The Appeals Council declined review in May of 2016, leading to this action.

## II

Simon argues that "the Appeals Council erred when it failed to consider new and material evidence" of the results of a series of X-ray and MRI examinations of the hip and spine area that were conducted in June and July of 2015. These examinations revealed disc bulges, herniations, and degenerative changes. Simon submitted this evidence to the Appeals Council on July 27, 2015, but the Appeals Council declined to look at the new evidence because it was produced after the ALJ's determination. Simon also argues that "substantial evidence does not support the ALJ's RFC assessment, Step Four evaluation[,]" or "credibility assessment." Pl.'s Br. 1.

## A.     Failure to Consider New Evidence

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The Appeals Council must review new evidence if the petition can show "good cause" for not submitting the evidence to the ALJ and that the additional evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5), (b).

Evidence is new if it is "not merely cumulative of what is already in the record." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (quoting *Szubak v. Sec'y of Health and Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)). When "evidence submitted by [the applicant] did not exist at the time of the ALJ's hearing, there is no question that the evidence is 'new' and that 'good cause' existed for [applicant's] failure to submit this evidence to the ALJ." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004). Here, the evidence did not exist at the time of the ALJ hearing, so it is new, and good cause existed for Simon's failure to present it earlier.

New evidence is material when it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative." *Tirado v. Bowen*,

842 F.2d 595, 597 (2d Cir. 1988). Furthermore, there must be "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Id.*

Here, the new evidence shows continued degeneration of Simon's spine and hips, including "bilateral foraminal focal herniations causing impingement upon the anterior thecal sac and bilateral neural formina" affecting the L4-L5 level, "right foraminal focal herniation causing impingement upon the right neural foramen" affecting the L3-L4 level, "broad-based disc bulge causing impingement upon the anterior thecal sac and bilateral neural foramina" affecting the L5-S1 level, "underlying degenerative spondylosis and facet arthropathy," "moderate degenerative changes in the right hip with developing subchondral cyst along the acetabular roof," and "moderate degenerative changes in the left hip." These findings are more severe than the findings in 2011, which showed only "disc disease at L5-S1 and L4-5," "spondylosis of C5-C6," and "reduction in disc space height at C6-7," and "joint space narrowing of the hip joints bilaterally." Therefore, this evidence shows that Simon's condition has continued to degenerate during the relevant period.

These symptoms could directly affect Simon's ability to perform sedentary work because the degeneration in her spine and hips may affect her ability to sit for extended periods of time and travel to and from her workplace. Therefore, there is a reasonable

possibility that the proceeding would have reached a different conclusion had the evidence been considered.

Finally, the evidence relates to the relevant period. Test results relate to the relevant time period when they "not only shed light on the claimant's current health, but also provide[] an explanation for [claimant's] health problems in the time period for which benefits were denied." *Clark v. Comm'r of Soc. Sec.,* 143 F.3d 115, 118-19 n.1 (2d Cir. 1998). Spinal and hip conditions of the type in question here take time to develop, and the worsened symptoms on display in the June 2015 MRIs were likely developing during the time period between Simon's first X-ray/MRI scan diagnosis in 2011 and the new diagnosis in June 2015, including the period between the onset date in August 2012 and the ALJ hearing date in March 2015.

Because the evidence was new, material, and related to the relevant time period, and Simon had good cause to not present it earlier, the Appeals Council erred by refusing to consider it. Therefore, remand is appropriate. *See Tirado v. Bowen*, 842 F.2d 595, 598 (2d Cir. 1988). ("If after examining the proffered medical and other proof to satisfy the recited standard the district court directs the Secretary to reopen this case on the basis of new evidence, it should remand the case in the interest of judicial economy to the same ALJ.").

**B.      RFC Assessment, Step Four Evaluation, and Credibility Analysis**

Simon's other claims regarding the content of the ALJ's decision need not be dealt with at this time. These factual issues, dealing with the sufficiency of the evidence supporting the ALJ's decision, will be reconsidered upon remand with the new evidence added to the record. To the extent the new evidence supports Simon's testimony as to the severity of her symptoms, the ALJ will have to reevaluate Simon's credibility.

## III

Simon's motion is GRANTED, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED**

/S/ Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 16, 2017